JANVIER, Judge.
Plaintiff, Willie Easterling, has appealed from a judgment of the Civil District Court for the Parish of Orleans dismissing his-suit for workmen’s compensation. The defendants-appellees are J. A. Jones Construction Company, the employer, and Aetna Casualty and Surety Company, the compensation insurer of the employer.
On May 27, 1958, while employed as a: common laborer, plaintiff was struck by the handle of an overturning wheelbarrow leaded with concrete, which wheelbarrow was being rolled by another employee. Some of the concrete was spilled on plaintiff. He was sent to Dr. Sidney H. Antin, who found him to some extent disabled. On July 8, 1958, Dr. Antin discharged! him as able to return to work. He was paid! workmen’s compensation of $35 a week for five weeks.
Claiming that he was still totally disabled, he was sent by his attorney to the office of Dr. Blaise Salatich who, at the time, was. absent on vacation. In the absence of Dr. Blaise Salatich plaintiff was referred to. a cousin, Dr. Malter A. Salatich.
Later he brought this suit claiming to. be totally permanently disabled and praying for judgment for $35 per week for 400 weeks.
In his reasons for dismissing the suit the District Judge said:
“In the opinion of this Court the plaintiff has failed to sustain the burden of proof placed upon him by law, and accordingly his suit will be dismissed at his cost.”
Not only do we agree with this conclusion but we go further and say that, in our opinion, the defendants have over *889 whelmingly shown that the plaintiff is not disabled and could have returned to work when he was discharged by the physician who treated him after the accident.
Being dissatisfied with the conclusion •of Dr. Antin, that he was able to return to work, as already stated, he went to Dr. Malter A. Salatich who treated him six times and then discharged him as able to Teturn to work. Whether this discharge was on August 8th or August 18th we are ■unable to determine from the record since, ■at one part of his testimony, Dr. Malter A. Salatich said that he could have returned to work on August 18th and on several occasions later he set that date as August 8th. Dr. Malter A. Salatich was asked Ihe following question:
“So, as far as you were concerned, the man was completely well?”
«.nd he answered:
“For that complaint, yes sir.”
Since Easterling insisted that he was still disabled, he was examined by several ■other experts, Dr. J. L. Fischman, a urologist, Dr. G. C. Battalora and Dr. Hyman R. Soboloff, orthopedists. Dr. Fischman ■did not testify, but his report was accepted in evidence, and, from it, it is very evident that he found no disabling condition, for in this report, which was dated June 11th, he said:
“It is entirely possible that this patient suffered a contusion of this area which is now practically healed. The patient should make an uneventful recovery, at any rate.”
On June 18, 1958 he was sent to Dr. Soboloff, an eminent orthopedic surgeon. Dr. Soboloff could find nothing which should have disabled him. In fact, he commented on the fact that Easterling complained of “numbness” and “pain” in the ■same area and at the same time. Fie said:
“You can’t have numbness, or loss of sensation, in an area, and pain in the same area also, unless they are from two unrelated conditions. * * * ”
X-ray photographs were taken by Dr. Teitelbaum, an expert radiologist, and these disclosed nothing which could have caused disability.
Just before the trial a further effort was made to determine whether there was disability and plaintiff was sent to Dr. Bat-talora, an expert orthopedist. Dr. Batta-lora did not testify, but his report was accepted in evidence and in this report, after a full discussion of the several complaints of the plaintiff, he said:
“We can find no evidence of any disabling condition in this patient. He apparently has sustained a contusion of the right lumbar region and we feel he is recovered from the effects of this injury.”
In spite of this overwhelming mass of expert testimony to the effect that there is no disability, it appears that when Dr. Blaise Salatich returned from his vacation and the plaintiff was referred to him him by his cousin, Dr. Malter A. Salatich, he found a disabling condition and recommended treatment by heat and therapy which was undertaken.
Just what Dr. Blaise Salatich found it is difficult to determine. Evidently his findings were based practically entirely on what the plaintiff told him and the objective symptoms were almost nil, though he did say that sometimes ther® can be an “objective manifestation of subjective complaint”. He illustrates this by saying that if a person says he is in pain and his eyes are clear and his expression normal that “would be strictly subjective pain,” but if such a person complains of pain and has a “drawn look * * * and a tired pulled expression” that would be “objective symptomology” of subjective pain.
A careful reading of the testimony of Dr. Blaise Salatich convinces us that he found little or nothing on which to base his finding of disability except the plaintiff’s statements that he was in pain.
If a finding of disability could be based on what this plaintiff said, then there was *890 obviously complete and permanent disability for, according to the plaintiff himself, he could do nothing and was constantly in pain. He said: “I can’t hardly sleep at all.” He said that both his back and his groin hurt him all the time even when lying down and on waking in the morning. He was asked: "All you do is lie in bed and watch television?” and he answered: “That’s right, and go back and forth to the doctor.”
The evidence of the other experts makes it impossible to accept these statements as true.
It is thoroughly demonstrated that plaintiff has no disability.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
REGAN, J., absent, takes no part.